## UNITED STATES v. ROUTE.

*(District Court, E. D. Missouri, E. D.* December 20, 1887.)

1. CLAIMS AGAINST UNITED STATES—FRAUDULENT PRESENTATION—INDICTMENT.
   On indictment under Rev. St. U. S. § 5438, making it a criminal offense to make a claim upon the government for the payment of a demand known to be false, fictitious. or fraudulent, the defendant was charged with attempting to obtain pay and bounty by falsely representing herself to be the widow of a soldier, killed during the war. *Held,* that to warrant conviction it must appear that defendant was not the widow of such soldier, and that she made her demand knowing this to be the fact; but otherwise, if the claim, though groundless and without merit, was made in good faith, and in the belief that she had been the wife of the soldier and was his widow, and entitled to the pay and bounty due him at his death.

2. MARRIAGE—BETWEEN COLORED PERSONS—PROOF OF—REV. ST. U. S. § 5438.
   On indictment under Rev. St. U. S. § 5438, defendant was charged with falsely representing herself to be the widow of a deceased colored soldier, in order to obtain from the government the pay and bounty due him at his death. *Held,* that an agreement to become husband and wife, if immediately followed by cohabitation as such for a considerable period, constitutes a valid marriage in Missouri, and that the validity of such marriages, especially among colored people, is recognized by section 4705, Rev. St. U. S.

Indictment for Preferring False, Fictitious, or Fraudulent Claim against the Government.

*Thomas P. Bashaw,* U. S. Dist. Atty., for plaintiff.

*J. M. Lewis* and *M. G. Reynolds,* for defendant.

THAYER, J., *(charging jury.)* The indictment which you have been trying is framed under a statute of the United States, which provides, in substance, that "every person who makes or causes to be made any claim upon or against the government of the United States, * * * knowing such claim to be false, fictitious, or fraudulent, * * * shall be imprisoned at hard labor not less than one nor more than five years, or fined not less than one thousand nor more than five thousand dollars." Rev. St. U. S. § 5438. Under the testimony in the case, there is no doubt that the defendant made a demand or claim upon the government of the United States; such demand being for pay and bounty which she claimed to be due to her as the widow of a colored soldier by the name of Hiram Route, said to have been killed during the war, at Petersburg, Virginia. Nothing further need be said on that branch of the case.

I accordingly direct your attention at once to the important questions for your consideration. You will observe from the statute which I have, in substance, quoted, that the offense consists in making a claim on the government that is *known to be either false, fictitious, or fraudulent.* It is no offense under the statute to make a claim upon the government for the payment of a demand that is groundless or without merit, unless the person who makes it understands at the time it is made that it is a false, fictitious, or fraudulent demand, and therefore intends to defraud the government. In the present case, counsel for the government contend that the defendant, Chaney Route, knew full well that she had never

been the wife of Hiram Route, and consequently was not his widow; nevertheless, that she falsely pretended to have once been his wife and to be his widow, and in that character claimed pay and bounty from the government that was due to Hiram Route at his death, to which, as she knew, she was not legally entitled. If the evidence in the case satisfies you beyond any reasonable doubt that such is the fact,—that is to say, if it satisfies you that she knew she had never been his wife, and was not his widow, and was not entitled to the pay and bounty in question, and that she made the claim in question, which has been produced, for pay and bounty,—then she is guilty as charged in the indictment, and you should so find. If she made a claim on the government for pay and bounty as the widow of Hiram Route, knowing that she was not his widow, then the claim made was both false and fraudulent within the meaning of the statute.

The main question in this case which you must determine is whether the defendant was the widow of Hiram Route. If she was the wife of Hiram Route during his life-time, and remained his wife until his death, then the government has no case, and you should acquit the defendant. On the subject of the alleged marriage, I will say that in this state, where the marriage is said to have taken place, and at the time it is alleged to have taken place, no ceremony was necessary, either before a minister or a civil magistrate, to constitute a valid marriage. If two persons of age to make a contract mutually agreed to become husband and wife at the time of the agreement, and not merely at some future day, and thereafter cohabited together as husband and wife, such agreement and cohabitation constituted a valid marriage. Such is the law in the state of Missouri, and in many other states. *Dyer* v. *Brannock*, 66 Mo. 391–423. The rule, as last stated, is especially applicable to a marriage between slaves,—such a marriage as is involved in the present case. Any sort of ceremony gone through with by such people, such as was customary among slaves, if intended as a marriage and followed by cohabitation, should be esteemed a valid marriage. By section 4705, Rev. St. U. S., congress has recognized the rule of law with reference to marriages as herein stated by declaring what proof shall be deemed necessary to establish the fact of marriage as between colored people. So that, if you believe from the evidence that the defendant and Hiram Route before his death mutually agreed to become husband and wife, and thereupon cohabited together as such for any considerable period of time, and that children were born of such alliance, then you should acquit the defendant. Furthermore, gentlemen, I will say that, although you may be of the opinion that no marriage between the parties has been shown that will satisfy the rule before stated, yet, if you believe that this defendant, (who seems to be an ignorant colored woman,) by reason of any cohabitation or alliance between her and Hiram Route, in good faith supposed that she had been the wife of Hiram and was his widow, and was entitled to the pay and bounty due to him at his death, then you ought to acquit her. A person is, of course, presumed to know the law, and is therefore presumed to know whether a particular act or series of acts constitutes a

valid marriage; but persons may make mistakes as to the law, and, in a case of this sort, if defendant did make a mistake as to the legal relation existing between herself and Hiram Route, and made the claim in question honestly, then the requisite criminal intent is wanting to support the offense laid in this indictment, and you should acquit on that ground. You can take the case.